UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0013-SEB-DML |
| | ) | |
| CHRISTOPHER BURSE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 12, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 15, 2021, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 15, 2021, defendant Christopher Burse appeared in person with his appointed counsel, William Dazey. The government appeared by Peter Blackett, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Burse of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Burse questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Burse and his counsel, who informed the court they had reviewed the Petition and that Mr. Burse understood the violations alleged. Mr. Burse waived further reading of the Petition. The court summarized the allegations in the Petition.

3. The court advised Mr. Burse of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Burse was advised of the rights he would have at a preliminary hearing. Mr. Burse stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Burse of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Burse, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

**Violation Number**     **Nature of Noncompliance**

  1  **"The defendant shall refrain from any unlawful use of a controlled substance."**

    On February 17, 2021, Mr. Burse submitted a urine sample which tested positive for amphetamines. When confronted by the probation officer about the positive test he admitted using ecstasy, which likely contained the substance.

    As previously reported to the Court, on October 26, 2020, the offender submitted a urine sample which tested positive for marijuana. On December 30, 2020, Mr. Burse submitted a urine sample which tested positive for amphetamines.

6.  The court placed Mr. Burse under oath and directly inquired of Mr. Burse whether he admitted violation number 1 of his supervised release set forth above. Mr. Burse admitted the violation.

7.  The Government moved to dismiss violation number 2 and the same granted.

9.  The parties and the USPO further stipulated that:

  (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

  (b) Mr. Burse's criminal history category is III.

  (c) The range of imprisonment applicable upon revocation of Mr. Burse's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10.  The parties jointly recommended a modification to include GPS monitoring for a period of up to four (4) months. The court finds the recommendation reasonable and appropriate.

  The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CHRISTOPHER BURSE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include GPS monitoring for a

period of up to four (4) months. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: [substance abuse treatment] [substance abuse testing] [educational or vocational services program] [location monitoring]. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: The offender has a history of mental health issues and drug use and possession. These conditions will assist the probation officer in monitoring the offender's compliance.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

    Justification: The offender has a history of drug use and possession. This condition will assist the probation officer in monitoring the offender's compliance.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

    Justification: The offender has a history of drug use and possession, as well as possession and use of a firearm. This condition will assist the probation officer in monitoring the offender's compliance.

Defendant Burse reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release. In addition to the above noted conditions of release, the following condition was read into the record:

21. You shall be monitored by GPS Monitoring for a period of 4 months, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer.

The Defendant is to be released on modified conditions of supervised release pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Burse stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rule of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Burse entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Burse's supervised release to include four (4) months of GPS monitoring. The Defendant is to be released pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 4/21/2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system