UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:16-cr-0013-SEB-DML |
| | ) | |
| CHRISTOPHER BURSE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 27, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on  July 14, 2021.  Defendant Burse appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Peter Blackett, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Burse of his rights and provided him with a copy of the petition.  Defendant Burse orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Burse admitted violation numbers 1, 2, 3, and 4.  [Docket No. 76.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On July 7, 2021, Mr. Burse submitted a urine sample which tested positive for amphetamines. The sample was sent to Alere Laboratory where it was confirmed as methamphetamine.

As previously reported to the Court, on October 26, 2020, Mr. Burse submitted a urine sample which tested positive for marijuana, on December 30, 2020, and February 17, 2021, he submitted urines samples that tested positive for amphetamines, and on April 26, 2021, he submitted a urine sample which tested positive for amphetamines and marijuana.

| | |
|---|---|
| 2 | **"You shall be monitored by GPS Monitoring for a period of up to 4 months, to commence as soon as practical, and shall abide by all the technology requirements.  You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as preapproved by the probation officer."** |

On April 26, 2021, the probation officer installed the location monitoring device. Throughout the offender's monitoring period he has left his residence for both employment and personal reasons without an approved schedule to leave his residence.

On July 4, 2021, the offender was out of his residence without permission until 3am on July 5, 2021.

| | |
|---|---|
| 3 | **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."** |

On May 18, 2021, the Court approved a modification of the offender's supervised release to include the MRT program. The offender was advised on multiple occasions to contact the MRT facilitator for enrollment into the program which he failed to do. Finally, on July 7, 2021, Mr. Burse was instructed to report to the probation office in an attempt to have him meet with the MRT facilitator. After a brief discussion with the probation officer, he was instructed to remain in the probation office lobby to meet with the facilitator. The offender did not wait as instructed, and immediately left.

| | | |
|---|---|---|
| 4 | | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |

Mr. Burse has failed to appear on the following dates for random drug testing: April 15, 22, May 13, June 4, 24, July 16, 2020, and June 8, 15, July 8, 2021.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of eight (8) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 7/29/2021

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system